UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN ANDINO JR., | Civil Action No. 22-5706 (SDW-ESK) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| HUDSON COUNTY DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
| Defendant. | |

**IT APPEARING THAT:**

1. On or about September 22, 2022, Plaintiff filed a pro se civil rights complaint alleging violation of his constitutional rights under 42 U.S.C. § 1983 based on the conditions of confinement in Hudson County Jail in Kearny, New Jersey, where he is a convicted and sentenced state prisoner. (ECF No. 1). Plaintiff also filed an application to proceed *in forma pauperis* ("IFP"). (ECF No. 1-1).

2. Having reviewed Plaintiff's IFP application, it is clear that he is financially eligible to proceed without prepayment of the filing fee.

3. Because Plaintiff's IFP application shall be granted, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

4. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

5. Plaintiff alleges that in August 2022, he was locked in a cell in Hudson County Jail for 30-57 hours at a time during a COVID-19 outbreak, without any cleaning supplies or a mask. He experienced a "CODE WHITE" medical emergency numerous times before he was taken to a

hospital for treatment of his pancreas and gall bladder. Plaintiff alleges the defendants acted with deliberate indifference to his health and safety by failing to establish a COVID-19 policy and putting his life at risk under the conditions of his confinement.

6. Hudson County Department of Corrections and Rehabilitation is named as a defendant in the caption of the complaint. A county department of corrections is not a legal entity separate from the county itself, and is not a proper defendant to a suit under 42 U.S.C. § 1983. *See e.g., Edwards v. Northampton Cnty.*, 663 F. App'x 132, 136 (3d Cir. 2016) (per curiam) (concluding that district court properly dismissed plaintiff's conditions-of-confinement claims against Northampton County Prison because it is not a 'person' subject to suit under section 1983) (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (additional citations omitted)). Dismissal is with prejudice, although Plaintiff may file an amended complaint against a proper county defendant.

7. Plaintiff named Acting Warden Oscar Aviles as a defendant in the body of his complaint but not in the caption. Plaintiff's Eighth Amendment conditions of confinement claim under 42 U.S.C. § 1983 may proceed against Acting Warden Oscar Aviles.

An appropriate order follows.


DATE:_____November 1___, 2022


 _____
 Hon. Susan D. Wigenton,
 United States District Judge

3