## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EDWARD ANDINO JR.,**  Plaintiff,  v.  **OSCAR AVILES,**[1]  Defendant. | Case No. 22–cv–05706–SDW–ESK  OPINION AND ORDER |

**KIEL**, U.S.M.J.

**THIS MATTER** is before the Court on plaintiff's motion for the appointment of *pro bono* counsel pursuant to 28 U.S.C. §1915(e)(1) (Motion). (ECF No. 7.) For the following reasons, the Motion is **DENIED** without prejudice.

## BACKGROUND

Plaintiff is incarcerated in the Hudson County Jail. He alleges that given the jail's lack of a "Covid-19 policy," his conditions of confinement amount to "cruel and unsanitary conditions" under the Eighth Amendment. (ECF No. 1 p. 4.) Between August 4 and 21, 2022, plaintiff was locked in his cell on several occasions for "30 [to] 57 hour[s] at a time." (*Id.* p. 5.) Since the jail had "[n]o cleaning supplies" and a "[l]ack of mask[s] and gloves," plaintiff alleges that these "lockdown[s] le[ft] [him] at risk." (*Id.* pp. 5, 6.) Given that "only [one] officer [was] running [two] units," plaintiff alleges he was "regularly" left "unattended

---

[1] Although plaintiff named Hudson County Department of Corrections and Rehabilitation (Hudson County) as the only defendant in the caption of the complaint, he named Acting Warden Oscar Aviles as a defendant in the body of the complaint. (*See* ECF No. 1.) After the dismissal of Hudson County, Aviles is the only remaining defendant. (*See* ECF Nos. 2, 3.)

for hours" and, on a particular occasion, "suffer[ed] in [his] cell for [two] weeks." (*Id.* p. 6.)  The medical facility at the jail allegedly failed to provide plaintiff with adequate care "numerous times," resulting in plaintiff having to be taken to the hospital.  (*Id.*)  Plaintiff argues that these incidents demonstrate the jail's "[a]bs[u]rd and inhumane conditions."  (*Id.*)

## PROCEDURAL HISTORY

Plaintiff filed the complaint on September 22, 2022.  (ECF No. 1.)  On November 1, 2022, District Judge Susan D. Wigenton granted plaintiff's application to proceed *in forma pauperis*.  (ECF Nos. 2, 3.)  Upon "screening the complaint pursuant to 28 U.S.C. §1915(e)(2)(B)," Judge Wigenton permitted plaintiff's claim against Aviles to proceed but dismissed plaintiff's claim against Hudson County with prejudice.  (*Id.*)

## MOTION FOR *PRO BONO* COUNSEL

In support of the Motion, plaintiff assets that: (1) he cannot afford to hire counsel; (2) his case is "complex[]"; and (3) given the need for discovery, he is "at a gross disadvantage" without counsel.  (ECF No. 7)  Aviles opposes the Motion and argues that "the sparse … record … frustrates the ability of a reviewing court to balance the relevant … factors and make a reasoned determination before appointing *pro bono* counsel."  (ECF No. 9 p. 8.)  At this point in this litigation, I agree with Aviles.

## ANALYSIS AND DISCUSSION

The Court has the discretion to appoint attorneys to represent litigants who are unable to afford counsel.  28 U.S.C. §1915(e)(1).  The appointment of counsel in a civil case is a privilege, not a statutory or constitutional right. *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).  The decision to appoint counsel "must be made on a case-by-case basis."  *Id.* at 157–58.  The Third Circuit has stated that "courts should exercise care in appointing counsel because volunteer

lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

The decision to appoint *pro bono* counsel for a plaintiff proceeding *in forma pauperis* involves a two-step analysis. *Howard v. Reyes*, No. 18-00800, 2020 WL 3958483, at *2 (D.N.J. July 13, 2020). "As a threshold matter, a … court must assess whether the [plaintiff's] case has some "arguable merit in fact and law." *Montgomery*, 294 F.3d at 498–99. Once a claimant overcomes this "threshold hurdle," a court should then consider the following factors:

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses; and
> (6) whether the plaintiff can attain and afford counsel on his [or her] own behalf

*Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997) (noting that "[t]his list of factors is not exhaustive … [and] should serve as a guidepost"); *Tabron*, 6 F.3d at 155–56.

Since Judge Wigenton determined that the complaint "alleges sufficient facts … [to] support a claim" against Aviles (ECF No. 2 pp. 2–3), I assume for purposes of the "threshold hurdle" that plaintiff's claim is meritorious. However, as to the fist factor of the second-step of the analysis, there is no indication at this very early stage as to whether plaintiff is able to present his case. The underlying factual and legal issues have not yet been tested or developed by the general course of litigation. Thus, "factors [two through five] … [are] particularly difficult to evaluate" and weigh against granting the Motion. *Howard*, 2020 WL 3958483, at *2 (quoting *Chatterjee v. Phila. Fed'n of Teachers*, Nos. 99-04122, 99-04233, 2000 WL 1022979, at *1 (E.D. Pa. July 18, 2000)).

While plaintiff's financial circumstance weighs in plaintiff's favor, factor six alone is not enough to justify the appointment of *pro bono* counsel. *See Christy v. Robinson*, 216 F.Supp.2d 398, 410 (D.N.J. 2002). The Motion will, hence, be denied without prejudice.

## ORDER

Accordingly, and for the reasons stated above,

**IT IS** on this **29th** day of **March 2023** **ORDERED** that:

1. The Motion is **DENIED**.

2. The Clerk of the Court is directed to terminate the Motion at **ECF No. 7**.

3. The Clerk of the Court is directed to transmit a copy of this opinion and order to plaintiff by regular mail.

                        */s/ Edward S. Kiel*
                        **EDWARD S. KIEL**
                        **UNITED STATES MAGISTRATE JUDGE**