NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN ANDINO JR., <br><br> Plaintiff, <br><br> v. <br><br> ACTING WARDEN OSCAR AVILES, <br><br> Defendant. | Civil Action No. 22-5706 (SDW-ESK) <br><br><br> OPINION |

WIGENTON, District Judge:

This matter comes before this Court upon Defendant Acting Warden Oscar Aviles's ("Defendant") motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 14). Plaintiff did not file a response in opposition to the motion to dismiss, but he acknowledged the motion date of June 5, 2023 in a letter to the Court. (ECF No. 16). Pursuant to Federal Rule of Civil Procedure 78(b), this Court will determine the motion on the brief and the record, without oral argument. For the following reasons, this Court will grant in part and deny in part Defendant's motion to dismiss the complaint.

I.  THE COMPLAINT

For the purpose of deciding the motion to dismiss, this Court accepts the following allegations in the complaint as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (when deciding Rule 12(b)(6) motions to dismiss, courts must accept the factual allegations in the complaint as true, "but may disregard labels, conclusions, and formulaic recitations of the elements.") Plaintiff was a convicted and sentenced state prisoner confined in Hudson County Correctional Facility ("HCCF") in Kearney, New Jersey in August 2022. (ECF No. 1). Defendant

1

was the acting warden of HCCF at that time.  Plaintiff alleges that Defendant failed to establish a COVID-19 policy.  No cleaning supplies, masks or gloves were provided, which led to unsanitary conditions and put Plaintiff's life and health at risk.  (*Id.*)  Sergeants and Lieutenants ignored Regulation10A governing recreation time, resulting in Plaintiff being locked in his cell for 30 to 57 continuous hours at a time.  (*Id.*)  The facility was understaffed, with only one officer covering two units at a time, leaving one unit unattended and unable to respond to medical emergencies.  Plaintiff was suffering from pancreas and gall bladder irregularities, and his medical requests were ignored for two weeks, until he was taken to a hospital.  As a result of these conditions, Plaintiff suffered physical and emotional symptoms.

## II.  MOTION TO DISMISS

Defendant seeks dismissal of the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 14).  First, Defendant contends Plaintiff failed to state a claim concerning Plaintiff's serious medical needs because a nonmedical defendant's failure to respond to a grievance about medical care is insufficient to establish deliberate indifference.  (ECF No. 14-1 at 8).  Second, Defendant submits the complaint should be dismissed because Plaintiff failed to allege that he contracted a serious case of COVID-19.  (*Id.* at 9-10.)  Third, Defendant argues the complaint fails to state a constitutional claim for deprivation of recreation time or exercise.  (*Id.* at 10-12).

### A.  Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief may be granted."  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016).  A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 265

(3d Cir. 2021) (quoting Fed. R. Civ. P. 8(a)(2)). The statement of the claim, however, must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570)). To meet the plausibility requirement, "the court need only be able to draw a 'reasonable inference' that the defendant has broken the law. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557)). A court should determine "plausibility by drawing inferences from the facts pleaded using its experience and common sense." *Thomas v. Christie*, 655 F. App'x 82, 84 (3d Cir. 2016) (citing *Argueta v. U.S. Immigration & Customs Enf't,* 643 F.3d 60, 69 (3d Cir. 2011)).

## III.  DISCUSSION

### A.  Standard of law:  42 U.S.C. § 1983

"Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 146 (3d Cir. 2005) (quoting *Gruenke v. Seip*, 225 F.3d 290, 298 (3d Cir. 2000)). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (quoting *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). A plaintiff must also "demonstrate a defendant's "personal involvement in the alleged wrongs." *Id.* at 222 (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). Under Section 1983,

> [t]here are two theories of supervisory liability," one under which
> supervisors can be liable if they "established and maintained a
> policy, practice or custom which directly caused [the]
> constitutional harm," and another under which they can be liable if

3

> they "participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.,* 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original).

*Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n. 5 (3d Cir. 2010).

Defendant does not contest that he is a state actor under § 1983. Therefore, this Court must begin by identifying the constitutional violations alleged.

### B. Eighth Amendment conditions of confinement

The Eighth Amendment Cruel and Unusual Punishments Clause imposes duties on prison officials who "must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–527 (1984) (additional citations omitted)). An Eighth Amendment claim must be objectively serious; for example, it must involve the denial of the minimal civilized measure of life's necessities or conditions that pose a substantial risk of serious harm. *Id.* at 834 (internal quotation marks and quotations omitted). Further, a prison official's state of mind must rise to the level of deliberate indifference to inmate health or safety. *Id.* (citations omitted). Thus, for liability to ensue, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842; *Palakovic v. Wetzel*, 854 F.3d 209, 225 (3d Cir. 2017) (quoting *Parkell v. Danberg*, 833 F.3d 313, 335 (3d Cir. 2016) (quoting *Chavarriaga*, 806 F.3d at 226)). "[A] prison official's knowledge of an excessive risk of serious harm may be inferred from the fact that the risk is

obvious[.]" *Beers-Capitol v. Whetzel*, 256 F.3d 120, 131–32 (3d Cir. 2001) (citing *Farmer*, 511 U.S. at 844.)

### D. Analysis

#### 1. Conditions of confinement:  lack of recreation time

The opportunity for exercise is a basic human need.  *Tillery v. Owens*, 907 F.2d 418, 426-28 (3d Cir. 1990).  Plaintiff alleges he was deprived of any time outside his cell for periods of 30 to 57 hours at a time on at least five occasions in August 2022, which violated a prison regulation governing recreation time.  Changes in a prisoner's scheduled recreation time, by itself, is insufficient to state an Eighth Amendment conditions of confinement claim.  *See Bacon v. Minner*, 220 F. App'x 96, 99 (3d Cir. 2007) (holding a reduction in recreation time in prison, even elimination of exercise during emergency lockdown situations, did not rise to the level of an Eighth Amendment violation).  Plaintiff must provide additional facts to establish how violation of the recreation policy deprived him of a basic human need.  Further, Plaintiff must plead facts to show Defendant's deliberate indifference to such a deprivation.  *See Santiago*, *supra* (describing two theories of a supervisor's liability under § 1983).  Therefore, the Eighth Amendment claim regarding lack of recreation time as provided in the prison's regulation will be dismissed without prejudice.

#### 2. Conditions of confinement:  lack of COVID-19 policy

An Eighth Amendment remedy may be required when prison officials are deliberately indifferent to the exposure of inmates to a serious, communicable disease, "even though the possible infection might not affect all of those exposed." *Helling v. McKinney*, 509 U.S. 25, 33 (1993) (citing *Hutto v. Finney*, 437 U.S. 678, 682 (1978).  Liberally construing the *pro se* complaint, Plaintiff alleges Defendant failed to enact a COVID-19 policy in HCCF in August

2022.  It is well known that COVID-19 vaccines, which were widely available before and during

August 2022, are effective to prevent serious illness from COVID-19 in most people.  *See*

*generally Folk v. Warden Schuylkill FCI*, No. 23-1935, 2023 WL 5426740, at *1 (3d Cir. Aug.

23, 2023) (citing *Garrett v. Murphy*, 17 F.4th 419, 433 (3d Cir. 2021) (considering an appellant's

natural immunity and access to vaccines when assessing his imminent risk of serious physical

injury for purposes of an application for in forma pauperis status)).  Plaintiff has not alleged that

he was unvaccinated or otherwise medically vulnerable to a *substantial risk* to his health if he

becomes infected with the virus.  Therefore, Plaintiff must plead additional facts to support his

Eighth Amendment claim regarding the substantial risk to his health posed by exposure to

COVID-19 in August 2022, and facts concerning Defendant's deliberate indifference to that risk.

### 3.  Conditions of confinement:  understaffing housing units

Liberally construing the complaint, Plaintiff alleges not just that he failed to receive

responses to his requests for medical care for gall bladder and pancreas irregularities, but that

understaffing in his housing unit at HCCF caused his medical complaints to be ignored and

posed a serious risk to his health because no staff was present to respond to medical

emergencies.  This allegation, accepted as true solely for purposes of determining this motion to

dismiss, is sufficient to allege an obvious risk that understaffing was likely to result in the

inability to respond to an inmate's medical emergency.  This is sufficient to create an inference

of Defendant's deliberate indifference to a serious risk to inmate health, and this claim may

proceed.

## III.  CONCLUSION

For the reasons stated above, this Court will grant in part and deny in part Defendant's

motion to dismiss the complaint.  "When a plaintiff does not seek leave to amend a deficient

complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has

leave to amend within a set period of time, unless amendment would be inequitable or futile."

*Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citations omitted).  Plaintiff

has leave to file an amended complaint, with respect to the claims dismissed without prejudice,

within 30 days of the date of entry of this Opinion and the accompanying Order.


An appropriate Order follows.

**Dated:  September 14, 2023**

_____
Hon. Susan D. Wigenton,
United States District Judge